**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SANDRA LISSETH CORADO OSORIO,

      Petitioner,

v.

                                 2:26-cv-02097-MIS-DLM

WARDEN, Otero County Processing Center;
MARY DE ANDA-YBARRA, El Paso Field
Office Director for U.S. Immigration and
Customs Enforcement; DAVID
VENTURELLA, Acting Director of U.S.
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General
of the United States,

      Respondents.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Sandra Lisseth Corado Osorio's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed June 30, 2026. The federal Respondents filed a Response on July 15, 2026 ("Response").[1]  ECF No. 6.  Upon review of the Parties' submissions, the record, and relevant law, the Court will GRANT the Petition.

### I.      Background

Petitioner is a citizen of Guatemala who illegally entered the United States from Mexico on May 14, 2022.  Pet. at 6, 10; Notice to Appear at 1, ECF No. 6-1.  It appears that she was placed

---

[1]      The Clerk's Office served all Respondents pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

into removal proceedings and released on conditional parole.  See Pet. at 10; Form I-385, ECF No. 1 at 32.  She subsequently filed an application for asylum and for withholding of removal.  Pet. at 6.

On April 1, 2026, Petitioner was travelling to work in an Uber when U.S. Immigration and Customs Enforcement ("ICE") officers performed a traffic stop on the Uber and arrested Petitioner.  Id. at 11.  Petitioner was ultimately transferred to the Otero County Detention Center where she is currently detained.  Id.  at 1, 11.

On June 29, 2026, Petitioner appeared before an Immigration Judge who found her to be inadmissible under Sections 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), denied her application for asylum and withholding of removal, and ordered her removed to Guatemala.  Order of the Immigration Judge ("Removal Order"), ECF No. 6-3.  It does not appear that Petitioner has filed an appeal of the Removal Order with the Board of Immigration Appeals.

On June 30, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  On July 15, 2026, the federal Respondents filed a Response.  ECF No. 6.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas."  Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in

custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.    Discussion

Petitioner primarily challenges the Removal Order, arguing that she should be able to continue to pursue lawful immigration status in the United States. Pet. at 6-7, 11, 14. However, "[i]t is well settled that District courts lack[ ] jurisdiction to review removal orders, hear challenges to removal orders, or stay removal orders." Dehghani v. Castro, No. 2:25-cv-00052-MIS-DLM, 2025 WL 2717845, at *3 (D.N.M. Sep. 24, 2025) (quoting Rodriguez-Olalde v. United States, Civ. No. 20-1102-KG-GJF, 2021 WL 1169712, at *2-3 (D.N.M. Mar. 26, 2021)).[2]

Petitioner further argues, almost as an afterthought, that her detention violates her Fifth Amendment rights, and requests immediate release. Id. at 12.

Respondents assert that Petitioner is an "applicant for admission" who is "seeking admission" and, as such, she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Resp. at 2. However, they acknowledge "that the Tenth Circuit has ruled otherwise in Santillan Quiroz v. Mullin, and that its recent ruling is binding on this Court. __ F.4th __, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026)." Id. They assert that "[t]he facts here are not materially distinguishable from those in Santillan Quiroz for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 2-3. Therefore, they

---

[2]    Petitioner may appeal the Removal Order to the Board of Immigration Appeals; the Executive Office of Immigration Review's website indicates that any appeal is due by July 29, 2026.

"do not object to an order requiring that the government afford Petitioner a bond hearing[,]" id. at 3, but "do object to Petitioner's request for immediate release[,]" id. at 3.

In Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 2026 WL 1876709, at *5. That is precisely the situation presented by this case.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention, see generally Resp., ECF No. 6, and therefore orders her immediate release, see Munaf v. Geren, 553 U.S. 674, 693 (2008) (observing that the "typical remedy" for "unlawful executive detention" is release from custody). The Court further orders that Petitioner shall not be re-detained, absent a final order of removal, without a pre-deprivation bond hearing. Finally, the Court retains jurisdiction to ensure compliance with its Order.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to immediately release Petitioner Sandra Lisseth Corado Osorio from custody/detention without restraints beyond those that existed before her unlawful detention;

3.      Respondents **SHALL NOT** re-detain Petitioner, absent a final order of removal, without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

4.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE